United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLCE INTERNATIONAL/SAN JOSE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, CALIFORNIA,<br><br>Defendant. | Case No. 5:20-cv-03774-EJD<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Before the Court is Defendant the City of San Jose's (the "City") motion to dismiss certain claims brought by Plaintiff Dolce International/San Jose LLC ("Dolce") pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Defendant's Partial Motion to Dismiss, Dkt. No. 14 ("Motion"). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court **GRANTS** the City's motion.

**I.   Background**

In 2003, the City and Dolce entered into a management agreement (Dkt. No 1-1, Complaint Ex. A, ("Management Agreement")) by which Dolce would run and manage the City's historic Hayes Mansion as a conference center and hotel. Dkt. No. 1 ("Compl.") ¶ 13.

Under the Management Agreement, the Parties agreed that Dolce would manage Hayes Mansion using funds drawn from an operating account funded by the City but maintained by Dolce. *See* Management Agreement § 2.4. These funds would be used to pay all "Operating Expenses" associated with managing the property, including, among other things, "the cost of wages, salaries, incentives and bonuses, severance or settlement payments to terminated employees" as well as "legal, accounting and other professional fees and expenses (including

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
1

settlement costs approved by the [City]) incurred with respect to matters directly relating to the operation of the [property]," such as "resolution of employee claims." *Id.* § 1.35.

In December 2017, a former Hayes Mansion employee brought a lawsuit alleging various wage-and-hour claims against Dolce on behalf of a purported class of employees. Dolce ultimately paid a total of $630,201.69 to settle the claims (the "Settlement Payment"). Compl. ¶¶ 20-21.

In December 2018, the City notified Dolce that the City had entered into a Purchase and Sale Agreement for the sale of the property. *Id.* ¶ 24. In light of that notice and subsequent sale, the Management Agreement terminated effective February 4, 2019. *Id.* ¶ 26. A couple months later, Dolce asked the City to pay a termination fee and other fees as provided in the Management Agreement. *Id.* ¶¶ 22, 27. Under the Management Agreement, termination of the agreement triggers payment of a "Termination Fee equal to the lesser of (i) one time the sum of the Base and Incentive Management Fees," as defined by the Management Agreement, "earned by [Dolce] in the twelve (12) months immediately prior to the Termination effective date or (ii) $800,000." *Id.* ¶ 22. Dolce calculated the Termination Fee to be $480,325.41. *Id.* ¶ 28. The City paid Dolce $391,523.36 "in partial satisfaction of the Termination Fee," but Dolce contends the City still owes a balance of $88,802.05. *Id.* ¶ 29.

Prior to the closing of the Purchase and Sale Agreement for the sale of Hayes Mansion, Dolce additionally requested that the City make appropriate arrangements to comply with certain requirements under the Employee Retirement Income Security Act of 1974 ("ERISA") in order to avoid a withdrawal from the retirement fund in which Dolce's unionized personnel participated. *Id.* ¶ 33. The City did not make any such arrangements and the retirement fund assessed a "withdrawal liability" of $1,136,944.00 against the City. *Id.* ¶¶ 33-34. The City notified the retirement fund that the withdrawal liability was Dolce's responsibility, and the retirement fund thereafter pursued both the City and Dolce for the payment.[1] *Id.* ¶¶ 35-41. Dolce maintains that

---

[1] The retirement fund is separately suing both the City and Dolce to collect the withdrawal liability in a related lawsuit before this Court. *Unite Here Retirement Fund et al v. City Of San Jose*, Case No. 5:20-cv-06069-EJD.

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
2

the City is obligated to indemnify Dolce for the withdrawal liability pursuant to certain indemnification provisions in the Management Agreement. Specifically, Dolce cites Section 17.2 of the Management Agreement, which requires the City to "indemnify, defend and hold [Dolce] for, from and against any costs, loss, damage or expense (including but not limited to, reasonable attorneys' fees and all court costs and other expenses of litigation, whether or not recoverable under local law) resulting from (I) the fraud, negligence or willful misconduct of the Owner, and (ii) payment of Operating Expenses." *Id.* ¶ 18. Dolce also cites Section 11.6, which states "[u]pon the termination of this Agreement for any reason . . . [a]ny obligations incurred in the operation of the [property], which were incurred in accordance with the provisions of th[e Management] Agreement, shall be assumed by the [City], and the [City] shall indemnify and hold [Dolce] harmless against all claims, demands, or liabilities made against [Dolce] with respect to any such obligation and all expenses incurred by [Dolce] in connection therewith." Compl. ¶ 23.

On June 8, 2020, Dolce brought this lawsuit against the City seeking payment based on (i) the City's failure to pay past-due fees and Operating Expenses, including the Settlement Payment; (ii) the City's failure to pay a termination fee after it sold the property; and (iii) the City's failure to indemnify Dolce for the Withdrawal Liability. *Id.* ¶¶ 18, 23, 27, 37. Dolce brought claims for (1) breach of contract for failure to pay past due fees; (2) unjust enrichment for failure to pay past due fees; (3) breach of good faith and fair dealing for failure to pay past due fees; (4) breach of fiduciary duty for failure to pay operating expenses; (5) breach of contract for failure to pay the termination fee; (6) unjust enrichment for failure to pay the termination fee; (7) breach of good faith and fair dealing for failure to pay the termination fee; (8) breach of contract for failure to pay the withdrawal liability; (9) unjust enrichment for failure to pay the withdrawal liability; (10) breach of good faith and fair dealing for failure to pay the withdrawal liability; (11) indemnity for the withdrawal liability; (12) breach of fiduciary duty for failure to pay the withdrawal liability; and (13) declaratory relief stating that the City must indemnify Dolce for the withdrawal liability.

The City filed the present motion seeking to dismiss Dolce's claims for equitable or tort relief, arguing that such remedies are duplicative and impermissible where Dolce also brings

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
3

breach of contract claims. Specifically, the City seeks to dismiss Dolce's claims for unjust enrichment (Claims 2, 6, and 9), breach of fiduciary duty (Claims 4 and 12), and equitable indemnity (Claim 11). The City does not seek to dismiss the breach of contract or breach of good faith and fair dealing claims, and in fact, concedes that the Parties have an "enforceable contract." Motion, p. 1. Dolce opposes the motion, arguing that it is entitled to pursue alternative and even inconsistent claims under Rule 8(d)(2) and (3) of the Federal Rules of Civil Procedure and California law. Plaintiff's Opposition To Defendant's Partial Motion To Dismiss, Dkt. No. 15 ("Opposition"), p. 1.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Under Rule 8(d), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2), (3). A claim should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Van Buskirk v.*

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
4

*Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (citation omitted).

**III.  Discussion**

   **a. Unjust Enrichment**

The City first argues that Dolce's claim for unjust enrichment must be dismissed because it is duplicative of Dolce's breach of contract claim. In general, "[i]f two parties have a valid and enforceable written contract, the plaintiff is not generally permitted to proceed on a claim in quasi-contract." *Schulz v. Cisco Webex, LLC*, No. 13-CV-04987-BLF, 2014 WL 2115168, at *5 (N.D. Cal. May 20, 2014) (citing *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388, 137 Cal. Rptr. 3d 293 (2012)); *see also California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172, 114 Cal. Rptr. 2d 109 (2001) ("a quasi-contract action or unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights . . . When parties have an actual contract covering a subject, a court cannot – not even under the guise of equity jurisprudence – substitute the court's own concepts of fairness regarding that subject in place of the parties' own contract.") (internal quotations and citations omitted).

Dolce acknowledges that it will not be able to recover on both the breach of contract and unjust enrichment claims, but argues that it is permitted to raise alternative claims at the pleading stage. Rule 8(d) of the Federal Rules of Civil Procedure expressly permits parties to raise alternative and even inconsistent claims. Fed. R. Civ. P. 8(d); *see Molsbergen v. United States*, 757 F.2d 1016, 1018–19 (9th Cir. 1985). Even though Rule 8 permits inconsistent claims at the pleading stage, it "it does not alter a substantive right between the parties and accordingly does not allow a plaintiff invoking state law to [state] an unjust enrichment claim while also alleging an express contract." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) (citing *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018) and *Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004)). Indeed, "a plaintiff may not plead the existence of an enforceable contract and maintain a quasi-contract claim at the same time, unless the plaintiff has pled facts suggesting that the contract may be unenforceable or invalid." *Jacobs v. Sustainability Partners LLC*, No. 20-CV-01981-PJH,

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS

5

2020 WL 5593200, at *17 (N.D. Cal. Sept. 18, 2020) (quoting *Schulz*, 2014 WL 2115168, at *5); *see also Klein*, 202 Cal. App. 4th at 1389; *World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.,* Case No. 13–CV–03455–WHO, 2014 WL 1411249 (N.D. Cal. Apr. 11, 2014) (dismissing claim for restitution based on unjust enrichment where plaintiff explicitly alleged existence of enforceable contract).

Dolce affirmatively alleges that the Parties are bound by the Management Agreement and does not allege any facts suggesting that the Management Agreement may be unenforceable or invalid. Dolce relies on *Sunday's Child, LLC v. Irongate*, in which the court declined to dismiss an unjust enrichment claim at an early stage. *Sunday's Child, LLC v. Irongate AZREP BW LLC*, No. CV 13-00502 DKW-RLP, 2017 WL 561338, at *6–7 (D. Haw. Feb. 10, 2017). In that case, it was not clear from the complaint whether the dispute could be "answered entirely" by the legal and contract claims. *Id.* at 6. Unlike *Sunday's Child*, the complaint in this case makes clear that the unjust enrichment claims are based entirely on the City's alleged obligations under the Management Agreement. In fact, Dolce expressly bases its unjust enrichment claims on the existence of the Management Agreement itself. *See e.g.* Compl. ¶¶ 49-50 ("Despite its obligation to do so, the City has failed to pay the Past-Due Fees due and owing to Dolce San Jose *under the Management Agreement . . .* The City's failure to compensate Dolce San Jose constitutes unjust enrichment") (emphasis added).

Because Dolce fails to allege that the express contract governing the Parties conduct may be unenforceable or invalid, the Complaint fails to state a claim for unjust enrichment, even in the alternative. *See Brodsky*, 445 F. Supp. 3d at 134 (granting motion to dismiss unjust enrichment claim "because Plaintiffs fail[ed] to allege that their contract with [defendant] is unenforceable or invalid" and therefore, "the [complaint] fail[ed] to state a quasi-contract claim for unjust enrichment."); *Lansmont Corp. v. SPX Corp.*, No. 5:10-CV-05860 EJD, 2011 WL 2463281, at *5 (N.D. Cal. June 20, 2011) (granting motion to dismiss unjust enrichment claim because complaint alleged that a valid, enforceable contract existed); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 718 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014) (same); *Clear Channel Outdoor, Inc. v. Bently Holdings California LP*, No. C-11-2573 EMC, 2011 WL 6099394, at *9

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS

6

(N.D. Cal. Dec. 7, 2011) (same).

The City's motion to dismiss Dolce's claims for unjust enrichment is GRANTED. Because Dolce's failure to state a claim may be cured with additional facts, the claims are dismissed with leave to amend.

### b. Breach of Fiduciary Duty

The City next argues that Dolce's breach of fiduciary duty claims should be dismissed because (1) the City owed no fiduciary duty to Dolce, and (2) the claims are duplicative of the breach of contract claims. As an initial matter, the complaint alleges that Dolce acted as the City's agent in managing the property. There is no doubt that a principal owes certain duties to an agent, just as the agent owes certain duties to the principal. *See generally* Restatement (Third) Of Agency § 8 (2006) ("Duties of Agent and Principal to Each Other").

Dolce cites to *Fidelity Mortgage Trustee Service, Inc. v. Ridgegate East Homeowners Association*, for the proposition that "an agent is entitled to indemnification by its principal for losses incurred by the agent in the execution of the agency." *Fid. Mortg. Tr. Serv., Inc. v. Ridgegate E. Homeowners Assn.*, 27 Cal. App. 4th 503, 509–11, 32 Cal. Rptr. 2d 521 (1994) (citing Restatement (Second) of Agency § 438 (1958)). Both *Fidelity*, and the Restatement of Law to which it cites, however, make clear that the principal is only subject to such a duty "[u]nless otherwise agreed." *Id.; see also* Restatement (Second) of Agency § 438 (1958) (stating that "[a] principal is under a duty to indemnify the agent in accordance with the terms of the agreement with him" and listing duties that apply "[i]n the absence of terms to the contrary in the agreement of employment"). Thus, because the Management Agreement includes multiple express indemnity provisions to which the Parties agreed, the City's duty to indemnify Dolce is governed by the contract, and the remedy for breaching those duties is based in contract, not tort.

The fiduciary duty claims are therefore DISMISSED without prejudice.

### c. Equitable Indemnity

Dolce brings one claim for indemnity related to the withdrawal liability. Compl. ¶¶ 85-88. Dolce states that this claim is made "in the alternative to its causes of action above related to

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
7

breach of the express indemnity provision in the Management Agreement" and that the City's actions "resulted in damages to [Dolce], including attorneys' fees and costs already incurred, for which the City is contractually or equitably responsible." Compl. ¶¶ 85, 88. As with the unjust enrichment and fiduciary duty claims above, the City argues that Dolce's equitable indemnity claims fail because they are impermissibly duplicative of the breach of contract claims and Dolce argues that it is permitted to plead equitable indemnity in the alternative.

"Indemnity may be defined as the obligation resting on one party to make good a loss or damage another party has incurred. This obligation may be expressly provided for by contract, it may be implied from a contract not specifically mentioning indemnity, or it may arise from the equities of particular circumstances." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3d 622, 628, 532 P.2d 97 (1975). Where "the parties expressly contract with respect to the duty to indemnify, the extent of that duty must be determined from the contract and not by reliance on the independent doctrine of equitable indemnity." *Id.; see also Krag v. Kaiser Found. Hosps.*, No. C 89-3042 TEH, 1993 WL 226108, at *5 (N.D. Cal. June 15, 1993) ("'an express indemnity clause is accorded a certain preemptive effect, displacing any implied rights which might otherwise arise' . . . including both equitable and implied indemnification") (quoting *E. L. White, Inc. v. City of Huntington Beach*, 21 Cal. 3d 497, 507–08, 579 P.2d 505 (1978)).

In *Liftech Consultants Inc. v. Samsung Shipbuilding & Heavy Indus., Ltd.*, the defendant sought to dismiss the plaintiff's claims for equitable indemnity, arguing that it was barred by plaintiff's claim for contractual indemnity. *Liftech Consultants Inc. v. Samsung Shipbuilding & Heavy Indus., Ltd.*, No. C 10-2976 SBA, 2010 WL 4510905 (N.D. Cal. Nov. 2, 2010). The plaintiff argued that it was permitted to plead the claims in the alternative, but the court held that the question of "whether [plaintiff] is permitted to plead alternative theories is inapposite." *Id.* at 4. The court held that because "an express indemnity agreement governs the parties' relationship . . . [plaintiff] is legally precluded from pursuing claims for equitable indemnity." *Id.* (citing *Maryland Cas. Co. v. Bailey & Sons, Inc.*, 35 Cal. App. 4th 856, 864, 872–73, 41 Cal. Rptr. 2d 519 (1995) (holding that equitable indemnity claims were "barred by the express indemnity provisions in the parties' contracts")).

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
8

Dolce relies on *E.L. White*, in which the California Supreme Court held that "when parties by express contractual provision establish a duty in one party to indemnify another, the extent of that duty must be determined from the contract and not from the independent doctrine of equitable indemnity." *E. L. White, Inc.*, 21 Cal. 3d at 500. The court further held that "when . . . the duty established by contract is by the terms and conditions of its creation inapplicable to the particular factual setting before the court, the equitable principles of implied indemnity may come into play." *Id.* Unlike in *E.L. White*, where there was no provision requiring the defendant to indemnify the plaintiff, the Management Agreement in the present case includes an express contractual provision requiring the City to indemnify Dolce in certain circumstances. Thus, the Court finds that the express indemnity provisions in the Management Agreement preclude Dolce's equitable indemnity claim.

Dolce's indemnity claim is, therefore, DISMISSED with leave to amend.

## IV.  Conclusion

For the reasons stated above, the City's partial motion to dismiss is **GRANTED** and Claims 2, 4, 6, 9, 11, and 12 are **DISMISSED** without prejudice for failure to state a claim. Plaintiff may file an amended complaint, if any, by no later than October 28, 2020.

**IT IS SO ORDERED.**

Dated: October 6, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-03774-EJD
ORDER GRANTING PARTIAL MOTION TO DISMISS
9